Parker C. J.
The defendant insists, that by force of St. 1807, c. 123, § 2, the plaintiff is entitled to no more costs than one quarter part of the damages recovered, and that he, the defendant, by force of St. 1820, c. 79, § 4,[1] is entitled to a judgment for his costs on the appeal. The question to be *244 decided is, generally, what judgment is to he rendered foi costs in the action. As the action was in point of form right fully instituted at the Court of Common Pleas, the sum demanded in damages being sufficiently large for that purpose, if the plaintiff had finally recovered any sum above twenty dollars, but less than one hundred dollars, and the judge should certify that he had reasonable cause for appeal, the case would be clearly within the statute of 1820, and he would be entitled to his full costs as well on the appeal, as at the Court of Common Pleas. But having finally recovered less than twenty dollars, the costs are to be regulated by the statute of 1807, unless the provision in that statute respecting costs is virtually repealed by the statute of 1820, as to all actions brought originally to the Court of Common Pleas, and from thence carried by appeal to the Supreme Judicial Court. There are no grounds to suppose that such repeal was intended by the legislature. The objects of the two statutes are distinct, but by no means inconsistent. That of the first was to secure the jurisdiction of justices of the peace primarily, in all personal actions in which, the damages actually sustained should not exceed twenty dollars; and the measures to effect this object were, first, to prohibit the institution of an action in the Court of Common Pleas, if the damage demanded should not exceed twenty dollars. This is absolute, so that an action brought to the Court of Common Pleas on such a demand of damages, if sustained in that court, would be reversed for error. But, it being seen that this prohibition might be evaded merely by laying the damages beyond twenty dollars, it was further provided, with the same object in view, “ that if, upon an action originally brought to the Court of Common Pleas, judgment shall be recovered for' no more than twenty dollars debt or damage, in all such cases the plaintiff shall be entitled for his costs to no more than one quarter part of the debt or damage so recovered, any law, usage, or custom to the contrary notwithstanding.”
Now, if both these statutes can be made to stand together, such a construction as will admit of it should be adopted. The judgment of the Court of Common Pleas was wrong, for upon the trial here the defendant was found guilty ; in the Court below he was acquitted. If the plaintiff had recovered five dol *245 Tars below, he might perhaps have been content, and then he would have no costs to pay, but would have recovered a quarter part of the damages in costs. Upon the appeal he has proved his case as to the issue ; and although he has recovered but a trifle in damages, yet the reversal of the former judgment may be of importance, for sometimes it happens that in such actions the damages are not of much consideration. It is a case, then, m which the judge may, by virtue of the statute of 1820, certify that the plaintiff had reasonable cause to appeal, for the verdict against him below being wrong, it was reasonable for him to appeal to set it right and to get rid of the costs. The judge has so certified. Then the question is, to what costs he is entitled ? And we think only to a quarter part of his damages in amount; for the event proves that his action ought to have been originally brought before a justice of the peace, and the statute of 1807 is universal in its operation upon all actions personal in which the judgment is for a sum not exceeding twenty dollars.
Judgment for the plaintiff for one dollar damages, and costs taxed at ticenty-five cents.[1]

 By this section it is enacted, in regard to appeals from the Court of Common Pleas to the Supreme Judicial Court, in any personal action in which the debt or damages demanded shall exceed one hundred dollars, that “ where any such appeal shall be made by any plaintiff, and he shall not recover more than one hundred dollars at the Court appealed to, the plaintiff shall not recover any costs at the Court appealed to, on such appeal; but the defendant shall be entitled to recover his costs against the plaintiff on such appeal, &c., provided, &c., that if the Supreme Judicial Court shall certify that there was reasonable cause for such appeal, &c., the plaintiff may thereupon recover his costs of the appeal." — Reporter.

 See Plimpton v. Baker, 9 Pick. 72, and 10 Pick. —; Leland v. Bussey, 7 Pick. 13; Charles v Tucker, 2 Pick. 27; Boston v. York, 1 Greenl. 406.